UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22246-JEM/Becerra

CARLOS A. ESCOBAR ROMERO,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**REPORT AND RECOMMENDATION ON UNOPPOSED MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on Plaintiff's attorneys, Rogelio R. Oliver and Katherine O. Palacios-Moreno's, Unopposed Motion for Attorneys' Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. [25]. Defendant did not file a response to the Motion and the time to do so has passed. Upon due consideration, the Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED**. For the reasons discussed below, Plaintiff's counsel should be awarded attorneys' fees in the amount of **$6,660.30** after the Government determines whether Plaintiff owes a federal debt.

**I.  BACKGROUND**

On June 18, 2021, Plaintiff initiated this case by filing a Complaint under the Social Security Act seeking judicial review of the final decision denying Plaintiff's claim for disability benefits. ECF No. [1]. On December 3, 2021, Plaintiff filed a Motion for Summary Judgment. ECF No. [20]. Thereafter, on February 2, 2022, the Commissioner filed a Motion for Entry of Judgment with Remand, requesting that this matter be remanded to the Commissioner for further

proceedings under sentence four of 42 U.S.C. § 405(g).  ECF No. [23] at 1–2.  On February 3, 2022, the District Court granted the Motion for Entry of Judgment and remanded the case to the Commissioner.  ECF No. [24].

On April 8, 2022, Plaintiff filed the instant Motion, requesting $6,660.30 in attorneys' fees.  ECF No. [25] at 2.  Specifically, Mr. Oliver requests compensation for 1.5 hours of work performed in 2021 and 0.8 hours of work performed in 2022.  *Id.* at 4.  Moreover, Ms. Palacios-Moreno requests compensation for 25.9 hours of work performed in 2021 and 2.3 hours of work performed in 2022.  *Id.* at 6–7.  Both attorneys request an hourly rate of $217.54 for 2021 and $225.71 for 2022.  *Id.* at 2.

   II.      **ANALYSIS**

   **A. Plaintiff Is Entitled To Recover Attorneys' Fees.**

Under the EAJA, a party is entitled to an award of attorneys' fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely filed an application for attorneys' fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust.  28 U.S.C. § 2412(d).  A plaintiff in a social security appeal prevails if the court orders a "sentence four remand."  *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993).  "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry."  *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018); *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").  An EAJA request must allege that the Government's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was.  *See*

2

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff is entitled to an award of attorneys' fees under the EAJA because he has satisfied all five conditions. First, Plaintiff was the prevailing party in this case because on February 3, 2022, the Court reversed and remanded this case to the Commissioner of Social Security for further proceedings. ECF No. [24]. Second, Plaintiff's Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner failed to argue otherwise. ECF No. [25] at 9–10. Third, Plaintiff's Motion was timely filed.[1] Fourth, Plaintiff's Motion alleges that Plaintiff's net worth was less than two million when the Complaint was filed. *Id.* at 2. Finally, this case does not appear to present any special circumstances. Accordingly, the Court finds that all five conditions have been met in this case and that Plaintiff is entitled to an award of attorneys' fees under the EAJA. The Court must now determine whether the amount of attorneys' fees requested is reasonable.

### B. Plaintiff Should Be Awarded $6,660.30 In Attorneys' Fees.

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033

---

[1] Specifically, Plaintiff's Motion was filed on April 8, 2022–before the thirty-day deadline of the District Court's February 2, 2022 Order, ECF No. [24], becoming a final non-appealable judgment. *See Shalala*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.,* 30 days after the time for appeal has ended."). Because the Commissioner had sixty days to appeal, the District Court's Order did not become a final non-appealable judgment until Monday, April 4, 2022—sixty days from February 2, 2022. *See Baez v. Comm'r of Soc. Sec.*, No. 18-11952, 2019 WL 285195, at *2 (11th Cir. Jan. 22, 2019) (citing Fed. R. App. P. 4(a)(1)(B) ("Because a United States officer is a party to this action, the government had 60 days to appeal after entry of judgment."); *see also Shalala*, 509 U.S. at 303 ("EAJA's 30-day time limit runs from the *end* of the period for appeal, not the *beginning*.") (emphasis in original).

(11th Cir. 1992). The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor."[2] *Id.* at 1033–34. The undersigned next analyzes the reasonableness of the requested hourly rate and number of hours expended in this matter.

### 1. Plaintiff's Attorneys Should Be Awarded An Hourly Rate Of $217.54 For Work Performed In 2021 And $225.71 For Work Performed In 2022.

The EAJA provides that attorneys' fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA, therefore, expressly provides for a cost-of-living adjustment. *Sensat v. Berryhill*, No. 15-24727-CIV-SIMONTON, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018). Indeed, the Eleventh Circuit has made clear that the application of the cost-of-living adjustment is considered "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. When the work performed is over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat*, 2018 WL 5257143, at *6 (collecting cases).

---

[2] After *Meyer*, Congress increased the hourly rate from $75.00 per hour to $125.00. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has adjusted the two-step analysis to account for this change in hourly rate.

Here Plaintiff is represented by Mr. Oliver and Ms. Palacios-Moreno. ECF No. [25]. According to Mr. Oliver's Declaration, he has been a licensed attorney since 1977 and has litigated over 6,000 Social Security disability cases. *Id.* at 3. Additionally, Mr. Oliver submitted a "Schedule of Hours" for his work, indicating that he dedicated a total of 1.5 hours in the year 2021 and 0.8 hours in 2022. *Id.* at 4. Ms. Palacios-Moreno's Declaration states that she has been a licensed attorney since 2013 and has litigated over 1,000 Social Security disability cases. *Id.* at 5. Her "Schedule of Hours" states that she dedicated 25.9 hours in 2021 and 2.3 hours in 2022. *Id.* at 6–7. Plaintiff's attorneys argue that the requested hourly rates—$217.54 for 2021 and $225.71 for 2022—reflect the cost-of-living adjustment for each of the years spent working on this matter. *Id.* at 10–11. The undersigned accepts the proposed calculation of the hourly rate for each year.[3]

### 2. The Number Of Hours Expended By Mr. Oliver and Ms. Palacios-Moreno Are Reasonable.

The fee applicant bears the burden to establish that the hours for which fees are sought were "reasonably expended on the litigation." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 435 (11th Cir. 1999) (quotation marks omitted). Reasonable hours are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). In the Eleventh Circuit, "the measure

---

[3] Specifically, the figure for 2021 is calculated by taking the annual CPI rate for 2021 and subtracting from it the March 1996 rate (270.970 minus 155.7 equals 115.27) and then dividing that number by the March 1996 rate (115.27 divided by 155.7 equals 0.7403). This cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((0.7403 multiplied by $125) plus $125 equals $217.54). *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (last visited June 13, 2022). The same methodology is employed to calculate the figure for 2022 (281.148 minus 155.7 equals 125.448; 125.448 divided by 155.7 equals 0.806; $125.00 times 0.806 equals $100.713; $125.00 plus $100.713 equals $225.71).

of reasonable hours is determined by the profession's judgment of the time that may be consciously billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.  "[A] court may reduce excessive, redundant or otherwise unnecessary hours in the exercise of billing judgment." *Perkins*, 847 F.2d at 738 (citing *Norman*, 836 F.2d at 1301).  "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428.  A trial court is "itself an expert" on reasonable rates, may consider its own "knowledge and experience" concerning reasonable rates, and may "form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

      Here, Plaintiff submits that his counsel expended 30.5 hours in prosecuting this action. ECF No. [25] at 10.  Plaintiff has provided the time records of his counsel, Mr. Oliver and Ms. Palacios-Moreno, which contain a detailed breakdown of the tasks they each performed, when they performed them, and how long it took to complete them.  *Id.* at 4, 6–7.  Mr. Oliver's work on this case consisted of meeting with Plaintiff, preparing the Complaint, reviewing the filings, meeting with Plaintiff regarding the outcome of litigation, and preparing for the filing of this instant Motion. *Id.* at 4. Ms. Palacios-Moreno's work on this case consisted of evaluating the underlying administrative record, reviewing case filings, preparing Plaintiff's Motion for Summary Judgment, and preparing the instant Motion. *Id.* at 6–7.  Drawing upon its own knowledge and expertise, the Court finds that the time expended in prosecuting this action is reasonable.  Accordingly, Plaintiff should recover 27.4 hours for work performed in 2021 at an hourly rate of $217.54 and 3.1 hours for work performed in 2022 at an hourly rate of $225.71.  Specifically, Plaintiff should recover

$5,960.60 for work counsel performed in 2021 and $699.70 for work counsel performed in 2022. In sum, Plaintiff should recover a total attorneys' fee award of $6,660.30.

### C. The Attorneys' Fee Award Should Be Payable To Plaintiff's Counsel.

The undersigned next evaluates whether the award of attorneys' fees should be payable to Plaintiff or Plaintiff's attorney. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 6:17-CV-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019). In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[4] *Milanes v. Berryhill*, No. 15-CV-23171-MCALILEY, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017). However, the Government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143, at *7 n.14; *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the

---

[4] The Anti-Assignment Act states in pertinent part that:

> [A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

protection of anti-assignment statutes if it chooses); *see also Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff requests that attorneys' fees be paid directly to his attorneys. ECF No. [25] at 12. The Motion includes an assignment of EAJA fees (the "Assignment") executed by Plaintiff. ECF Nos. [25-1]. Specifically, the Assignment states that Plaintiff "hereby assign[s] any court-awarded EAJA attorney fees to [his] attorney." *Id.* The Assignment is signed by both Plaintiff and attorney Mr. Oliver. *Id.* As such, the undersigned interprets Plaintiff's reference to his Assignment as a request that the award of attorneys' fees and costs be payable to his attorney.

However, Plaintiff's Assignment fails to comply with the Anti-Assignment Act. Specifically, the Assignment does not satisfy the requirements of the Anti-Assignment Act because it: (1) was made before Plaintiff's claim for attorneys' fees was allowed and the amount decided, (2) was not attested by two witnesses, and (3) was not certified by an official. However, the Commissioner has not objected to the Assignment or to Plaintiff's request that the attorneys' fee award be paid directly to Plaintiff's counsel. Consequently, even though the Assignment failed to comply with the requirements of the Anti-Assignment Act, as previously noted, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorneys' fee award

should be payable to Plaintiff's counsel subject to offset against any pre-existing debt Plaintiff may owe to the United States.

### III. RECOMMENDATION

For the forgoing reasons, this Court **RECOMMENDS** that Plaintiff's Motion, ECF No. [25], be **GRANTED**. Plaintiff should be awarded **$6,660.30** in attorneys' fees, which should be made payable directly to Plaintiff's counsel, after the Government determines whether Plaintiff owes a federal debt.

### IV. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The Court has shortened the objection period because the instant Motion is unopposed and the Court has recommended that the full amount of fees requested be awarded. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 14, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**